UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BMO BANK N.A.,

    Plaintiff,

v.

N & P CARRIER LLC and
PARAMJIT SINGH,

    Defendants.

Case No. 24-10331
Honorable Laurie J. Michelson

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [19]**

Between 2019 and 2022, BMO Bank N.A. entered into five Loan and Security Agreements with N & P Carrier LLC ("Borrower") and Paramjit Singh ("Guarantor"). (*See* ECF Nos. 1, 1-2, 1-3, 1-4, 1-5, 1-6.) BMO Bank agreed to finance N & P Carrier LLC's purchases of commercial tractors, N & P Carrier agreed to make monthly payments per the terms of the Agreements, and Singh agreed to guarantee the LLC's repayment. When Defendants failed to make payments as they became due, BMO Bank filed this suit (ECF No. 1) and recovered the tractors as collateral pursuant to the Agreements (ECF No. 19, PageID.169–170). And when Defendants failed to appear, plead, or otherwise defend against this action, a clerk's entry of default was entered against them. (ECF Nos. 11, 18.) BMO Bank now moves for a default judgment under Federal Rule of Civil Procedure 55. (ECF No. 19.) Defendants have again failed to respond or otherwise appear or attempt to set aside the default entered against them. Thus, the well-pled allegations of the complaint are deemed admitted.

*See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). Having reviewed the complaint, unopposed motion for default judgment, attached declarations and exhibits, and filings of record in this action, the Court finds as follows:

1. On February 8, 2024, BMO Bank filed a complaint in this Court against N & P Carrier LLC and Paramjit Singh. (ECF No. 1.)

2. On March 14, 2024, Plaintiff duly served Defendants with copies of the Complaint and Summons.[1] (ECF No. 5; *see* ECF No. 10-2.)

3. The Court has subject matter jurisdiction under 28 U.S.C. § 1332. Per the complaint, the amount in controversy exceeds $75,000 (ECF No. 1, PageID.8–9); Singh is a citizen of Michigan (*id.* at PageID.2); N & P Carrier is a single-member LLC whose sole member is Singh (*id.*), i.e., N & P Carrier is a citizen of Michigan, *see Delay v. Rosenthal Collins Grp.*, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009); and BMO Bank, a national banking association, is a citizen of Illinois, where its main office is located (ECF No. 1, PageID.1–2); *see* 28 U.S.C. § 1348.

---

[1] Singh was personally served with a summons and copy of the complaint. (ECF No. 5.) Per Michigan Court Rule 2.105(H)(1), service of process on a limited liability company may be made by serving a summons and copy of the complaint on the LLC's resident agent, and Singh is N & P Carrier's registered agent. (ECF No. 10-2.)

As an aside, contrary to the plaintiff's declaration, BMO Bank did not achieve proper service by sending copies of the complaint and summons via certified mail to the Michigan Bureau of Commercial Services. (ECF No. 13 (citing Mich. Comp. Laws § 600.1920(4)(b); Mich. Ct. R. 2.105(D)(4)(c)).) Certified mail sent to the Bureau is only proper as to corporations, and N & P Carrier is an LLC. *Compare* Mich. Ct. R. 2.105(D), *with* Mich. Ct. R. 2.105(H). In any event, the unsigned green cards (ECF Nos. 13-2, 13-3), and the green card with an unidentified signatory (ECF No. 13-3, PageID.148), cannot evidence service.

4. The Court has personal jurisdiction over the defendants under Michigan's long-arm statute, Mich. Comp. Laws §§ 600.701–.775, and the Due Process Clause, see *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021); see also *Lomax v. Marketplace Homes Lending, LLC*, No. 23-13018, 2024 U.S. Dist. LEXIS 18640, at *4 (E.D. Mich. Oct. 11, 2024) ("To determine whether personal jurisdiction is met in the case of a default judgment, the Court looks to whether the well-pled allegations in the complaint, taken as true, amount to a prima facie showing of personal jurisdiction."). Indeed, Singh was present and domiciled in Michigan at the time process was served, Mich. Comp. Laws § 600.701, and the Court is satisfied that N & P Carrier was formed under Michigan laws and "carr[ies] on a continuous and systematic part of its general business within the state," *id*. § 600.731.

5. Defendants failed to timely answer the complaint, and the Clerk entered default against Guarantor on October 15, 2024 (ECF No. 11) and against Borrower on November 21, 2024 (ECF No. 18).

6. The default concedes the truth of the allegations of the Complaint as to Defendants' liability as to all counts brought against them. Fed. R. Civ. P. 8(b)(6); *Thomson v. Wooster,* 114 U.S. 104, 111 (1885). A formal evidentiary hearing is not required to determine the amount of damages for purposes of default judgment "if sufficient evidence is submitted to support the request for damages or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits." *Ayers v. Receivables*

*Performance Mgmt., L.L.C.,* No 15-12082, 2016 U.S. Dist. LEXIS 132875, at *9 (E. D. Mich. Sept. 28, 2016); *see also Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). As set forth below, such ascertainable damages have been adequately established in the motion for default judgment.

7. As set forth in the complaint, Plaintiff and Borrower entered into the following agreements (the "Agreements"), and Guarantor guaranteed Borrower's performance thereunder (the "Guaranties"):

    a. Loan and Security Agreement dated June 26, 2019, executed by Plaintiff, as lender, and Borrower (ECF No. 1-2);

    b. Loan and Security Agreement dated August 5, 2019, executed by Plaintiff, as lender, and Borrower (ECF No. 1-3);

    c. Loan and Security Agreement dated December 28, 2021, executed by Plaintiff, as lender, and Borrower (ECF No. 1-4);

    d. Loan and Security Agreement dated August 19, 2022, executed by Plaintiff, as lender, and Borrower (ECF No. 1-5);

    e. Loan and Security Agreement dated October 12, 2022, executed by Plaintiff, as lender, and Borrower (ECF No. 1-6).

8. Defendants are in default under the Agreements and the Guaranties for failure to make payments thereunder when such payments became due.

9. The complaint alleges the following claims for relief against Defendants: money damages against Defendants for the amounts due and owing under the respective Agreements and Guaranties, an order of possession for all units of

the Collateral, specific performance against Borrower requiring it to surrender possession of the Collateral, and injunctive relief necessary to enforce an order of possession and specific performance. (*See* ECF No. 1.)

10. The motion for default judgment states that Plaintiff has recovered all the units of its collateral and is in the process of disposing of the collateral. (ECF No. 19, PageID.169–170; *see also id.* at PageID.167 ("Plaintiff has recovered all units of its Collateral the recovery of which is sought by the Complaint, mooting Counts III-V [for "claim & delivery," specific performance, and injunctive relief].").)

11. Plaintiff's monetary damages constitute a sum certain that may be calculated by reference to the applicable contracts and Plaintiff's supporting declarations and other documentation.

12. Pursuant to the terms of the Agreements and the Uniform Commercial Code, the secured creditor's right to enforce the debt by proceeding for judgment and to exercise rights with respect to the collateral are cumulative and may be exercised simultaneously. *See* 810 Ill. Comp. Stat. Ann. 5/9-601(c); *accord* Mich. Comp. Laws § 440.9601.

Based on these findings, IT IS HEREBY ORDERED that:

A. Plaintiff's Motion for Default Judgment is GRANTED.

B. Judgment is entered for money damages in favor of Plaintiff and against Borrower and Guarantor, jointly and severally, in the amount of

$390,153.60 as of January 22, 2025, with interest accruing thereon on the amount of $180.53 *per diem*.

C. Judgment is also entered in favor of Plaintiff and against Borrower and Guarantor, jointly and severally, for Plaintiff's reasonable attorneys' fees and expenses in the amount of $21,922.83 (consisting of $19,127.50 in fees and $2,795.33 in costs).

D. Plaintiff shall credit the net proceeds of any disposition of the Collateral (as defined in the Complaint) to the judgment amount set forth in Paragraph B of this Order in a manner consistent with the Agreements (as defined in the Complaint). Defendants shall remain liable for money damages up to the amount of any deficiency remaining after such disposition(s).

E. This is a final Order, the terms of which are effective immediately.

SO ORDERED.

Dated: April 22, 2025

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE